FILED
United States Court of Appeals
Tenth Circuit

September 28, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

JUSTIN RICHARDSON,

       Defendant - Appellant.

No. 15-3145
(D.C. No. 2:12-CR-20131-CM-2)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MORITZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Pursuant to a plea agreement with a broad appeal waiver, Justin Richardson

pleaded guilty to one count of conspiracy to distribute methamphetamine, in violation

of 21 U.S.C. § 846. The district court sentenced him to 262 months' imprisonment,

which was at the low end of the advisory guideline range of 262 to 327 months.

Despite his appeal waiver, Mr. Richardson filed a notice of appeal. The government

---

[*]    This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315

(10th Cir. 2004) (en banc) (per curiam).

In *Hahn*, 359 F.3d at 1325, we held that we would enforce appeal waivers as

long as three conditions were met: (1) the matter on appeal "falls within the scope of

the waiver"; (2) the defendant-appellant "knowingly and voluntarily waived his

appellate rights"; and (3) enforcing the waiver will not "result in a miscarriage of

justice." Counsel filed a response stating his belief that there are no meritorious

grounds to oppose the motion to enforce. We then gave Mr. Richardson an

opportunity to file a pro se response to the motion.[1]

In his pro se response, Mr. Richardson asserts that his appellate waiver is

unenforceable because the government breached the plea agreement. We have

explained that "an appellate waiver is not enforceable if the Government breaches its

obligations under [a] plea agreement." *United States v. Rodriguez-Rivera*, 518 F.3d

1208, 1212 (10th Cir. 2008).

Mr. Richardson argues that the government "unilaterally determined" that he

was in breach of the agreement and "then advocated for several enhancements, in

direct violation of the terms of the plea agreement." Pro se Resp. at 2. He contends

that "[t]he Court never made an explicit finding that Richardson breached the plea

---

[1] We allowed Mr. Richardson this opportunity because it appeared as though counsel was invoking the process identified in *Anders v. California*, 386 U.S. 738 (1967), by stating that there was no meritorious basis to oppose the motion to enforce. Under *Anders*, if an attorney files a brief stating that the appeal is frivolous, the defendant is then given an opportunity to file a pro se response. *Id*. at 744.

agreement." *Id.* But he "concedes that the Government would have been relieved of its obligation[s] under the terms of the plea had the Court made a finding that he breached the plea." *Id.*

Mr. Richardson relies on a statement made by the district court at his sentencing hearing in support of his contention that the district court never made an explicit finding that he breached the plea agreement. The district court was discussing what had previously happened at the hearing on Mr. Richardson's motion to withdraw his guilty plea and stated: "There were statements and arguments during your hearing that indicated the government believed that you had breached your plea agreement, and the court noted that for the record." Mot. to Enforce, Attach. B at 2.

We agree with Mr. Richardson that the district court's statement summarizing what happened at the prior hearing does not constitute a finding that he breached the plea agreement. But we cannot agree with Mr. Richardson's contention that "the record is devoid of any indication that the Court made such a finding." Pro se Resp. at 2.

At the hearing on the motion to withdraw his guilty plea, the government argued that Mr. Richardson had breached the terms of paragraph three in the plea agreement by filing a motion for a downward variance. The district court agreed, stating: "the court is going to find that the plea agreement was breached as it relates to Paragraph 3." R., Doc. 107 at 45. The court reviewed the language in paragraph three, which states that "defendant will not request a sentence below the low end of

- 3 -

the guideline range." *Id*. at 46. And the court explained that "Defendant has requested a variance of his sentence, and as such, that request is in violation of the section[]. So the court is going to find, again, the plea agreement was breached in the manner now set out on the record." *Id.* The court also issued a minute order that states: "The court finds that the plea agreement was breached as to paragraph 3." R., Doc. 80.

The record reflects that the district court did make an express finding that Mr. Richardson had breached the plea agreement. As he concedes, this relieved the government of its obligations under the terms of the plea agreement. *See* Pro se Resp. at 2; *see also* Mot. to Enforce, Attach. C at ¶5 (explaining that if the court finds that the defendant has breached the plea agreement, then the government is no longer bound by its obligations in paragraph five).

The government did not breach the plea agreement and therefore the appeal waiver is enforceable. Mr. Richardson does not offer any other basis to oppose the government's motion to enforce the appeal waiver.[2] Accordingly, we grant the government's motion and dismiss this appeal.

Entered for the Court
Per Curiam

_____

[2] Mr. Richardson did note his belief that his counsel had provided ineffective assistance, but recognized that this court does not consider such issues on direct appeal, *see United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) ("[A] defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review.").